# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK



**John M. Domurad**
Clerk of Court

**Daniel R. McAllister**
Chief Deputy

**James T. Foley U.S. Courthouse**
445 Broadway, Room 509
Albany NY 12207-2936
(518) 257-1800

March 17, 2022

**In re: Lori Deyo-Obler, et al. v. Johnson & Johnson; 1:19-CV-499 (GTS/TWD)**

Dear Counsel:

It has been brought to my attention that Chief Judge Glenn Suddaby, who was assigned in the above-mentioned case, may have owned a limited amount of stock in Johnson & Johnson. This case was remanded to state court via a decision by Chief Judge Suddaby on plaintiffs' motion to remand where defendant withdrew any objection, therefore, we have no reason to believe that his ownership of stock affected or impacted this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision. Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge, and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to this disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before March 28, 2022. Any response will be considered by another judge of this court without the participation of Chief Judge Suddaby.

Sincerely,

John Domurad

John M. Domurad
Clerk of Court